# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

vs.

J. NORMINGTON, *et al*,

    Defendants.
_____/

CASE NO:   13-13670

DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE PATRICIA T. MORRIS

## ORDER ON MOTION TO APPOINT COUNSEL
(Doc. 24)
and
## MOTION TO STAY DISCOVERY
(Doc. 25)

This order is entered under the authority given to this Magistrate Judge in an Order of Reference issued by District Judge Edmunds pursuant to 28 U.S.C. § 636(b)(1)(A).

The *pro se* prisoner Plaintiff filed his motion for appointment of counsel on April 24, 2014. In that motion, Plaintiff correctly points out that "appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances . . . ." *Lavado v Keohane*, 992 F.2d 601, 606-06 (6th Cir. 1993). Plaintiff claims there is at least one exceptional circumstance in this case, and it pertains to obtaining discovery he claims is crucial to his case.

Also pending is a motion to stay discovery filed by the Defendants on April 25, 2014. (Doc. 25.) Although Plaintiff filed a Motion To Compel Discovery in Opposition to Defendants Motion to Stay Discovery (Doc. 26,) this document has been reviewed and will be construed as a response in opposition to the motion to stay discovery. The Defendants have had a potentially case dispositive motion pending since February 21, 2014, asserting, among other things, that the Defendants are entitled to qualified immunity. (Doc. 19). Plaintiff has responded to the motion for summary judgment. (Doc. 20.)

The United States Supreme Court has held that in litigation against government officials, the threshold question of qualified immunity should be resolved prior to discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *see also Kimble v. Hoso*, 439 F.3d 331, 334 (6th Cir. 2006). Furthermore, issues that would be dispositive of the qualified immunity issue are to be resolved prior to discovery as well. *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988).  For example, if a defendant demonstrates that a civil rights plaintiff has failed to state claim because the plaintiff has not alleged a constitutional violation, the court would never need to reach the qualified immunity question. *See id.*

Accordingly, Defendants' motion to stay discovery is **granted**.  Should the motion for summary judgment (Doc. 19) be denied, an order will be entered setting a deadline for completion of discovery.

Except in rare circumstances, it is the practice of this Court to attempt to obtain counsel in civil rights cases filed by prison inmates only after a motion to dismiss or for summary judgment has been denied.  Therefore, Plaintiff's motion for appointment of counsel is **denied without prejudice**.  Should this case survive the pending dispositive motion, Plaintiff may again petition the Court for assignment of counsel.

The parties are further advised that the dispositive motion is now considered submitted on the pleadings and ready for Report and Recommendation.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date:  May 9, 2014                                         /S Patricia T. Morris
                                                           Patricia T. Morris
                                                           United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on counsel of record through the Court's CM/ECF system, and served by first class mail on Bruce Parker, #593090, Muskegon Correctional Facility, 2400 S. Sheridan Dr., Muskegon, MI, 49442.

Date:  May 9, 2014           By     s/*Jean L. Broucek*
                                          Case Manager to Magistrate Judge Morris